**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00126-GPG

LYNDON A. ELDER,

      Plaintiff,

v.

SHERIFF SHAUN SMITH,
DEPUTY EVERS
DEPUTY HEGARTY,
KIRSTEN SEARFUS, M.D.,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff, Lyndon A. Elder, is a prisoner currently incarcerated at the La Plata County Jail in Durango, Colorado.  On January 15, 2016, he filed *pro se* a Prisoner Complaint (ECF No. 1).  He has been granted leave to proceed *in forma pauperis*. (ECF No. 6).

      The court must construe the Complaint liberally because Mr. Elder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the following reasons, Mr. Elder will be directed to file an Amended Complaint if he wishes to pursue his claims in this action.

      The Amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give

1

the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

It is Mr. Elder's responsibility to present his claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Elder must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.  Mr. Elder is directed to present his claims in the space provided on the court-approved Prisoner Complaint form and include relevant supporting factual allegations for each claim in the space provided.  The Court and defendants are not required to sift through Mr. Elder's attachments to locate the heart of each claim.  The general rule that *pro se*

pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It appears that Mr. Elder is attempting to pursue an Eighth Amendment claim of deliberate indifference to a serious medical need.  The amended complaint should include specific factual allegations to support his claims and specify what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Plaintiff must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Additionally, in a Letter to the Court that is included with this Complaint, Mr. Elder alleges that he is "caught between a rock and a hard place."  He alleges that he is having a hard time pursuing claims in this Court because he is "given 2 pieces of writing paper per week. No manilla envelopes, carbon paper, or notary."  He attaches

numerous "Inmate Request Forms" that he submitted to prison officials requesting postage for legal mail, writing paper, copies made of papers, and manilla envelopes in order to file his claims with this court.   If Plaintiff is attempting to assert a First Amendment Claim for right of access to the courts, he must plead facts to show that he was impeded in his ability to file a civil rights action. *See Lewis v. Casey*, 518 U.S. at 354– 55 (plaintiff must allege that the state's interference led to an "actual injury"  by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a legal claim."); s*ee also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) (" To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions." ).   Plaintiff was successful in filing the instant civil rights action, so it appears he would not be able to adequately assert a viable claim for denial of access to the courts.   However, in order to help the Plaintiff file an Amended Complaint, the Court will direct the Clerk of Court to send Plaintiff a blank copy of the court-approved Prisoner Complaint form.

Accordingly, it is

ORDERED that Mr. Elder file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that the Clerk of Court send Plaintiff a copy of the court-approved Prisoner Complaint form.   Mr. Elder shall use the court-approved Prisoner Complaint form to file his Amended Complaint.   It is

FURTHER ORDERED that if Mr. Elder fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 4, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge