**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00126-GPG

LYNDON A. ELDER,

    Plaintiff,

v.

SHERIFF SHAUN SMITH,
DEPUTY EVERS
DEPUTY HEGARTY,
KIRSTEN SEARFUS, M.D.,

    Defendants.

---

## SECOND ORDER TO AMEND

---

Plaintiff, Lyndon A. Elder, is a prisoner currently incarcerated at the La Plata County Jail in Durango, Colorado. On January 15, 2016, he filed *pro se* a Prisoner Complaint (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 6).

On February 4, 2016, the Court ordered Mr. Elder to file an amended complaint if he wished to pursue his claims in this action. (ECF No. 8). Specifically, the Court directed Mr. Elder to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. Mr. Elder was also directed to assert personal participation for all the named defendants. In response, on February 23, 2016, Mr. Elder filed an Amended Complaint. (ECF No. 9).

The court must construe the Amended Complaint liberally because Mr. Elder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

1

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the following reasons, Mr. Elder will be directed to file a Second Amended Complaint if he wishes to pursue his claims in this action.

In the Amended Complaint, Plaintiff alleges that on December 4th, he had blood vessels on his scrotum burst and bleed profusely.  He begged Defendants Hegarty and Evers to provide a clean jail uniform, allow him to shower, and possibly provide bandages, but instead he was forced into a condition of lock down for bleeding.  Plaintiff suffered "prolonged isolation with blood soaked clothing, bedding and body covered in blood."  He states that he is a "chronic hypoglycemic" and positive for Hep-C and when the 9:00 pm food arrived, Defendant Hegarty opened the cell door a few inches and slid the food in "as if to an animal."  He alleges that the "sadistic police" "laughed at Plaintiff, told [him] he had no rights, and that the police is [sic] always right."

Initially, the Court notes that Mr. Elder has not alleged personal participation as to each defendant.  Defendants Smith and Searfus are never mentioned in the text of the complaint other than being listed as parties.  Mr. Elder was directed in the Court's February 4, 2016 Order that he "must assert personal participation by a named defendant in the alleged constitutional violation." (ECF No. 8 at 3 *(citing Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

2

(10th Cir. 1993). In the Second Amended Complaint, Mr. Elder must assert personal participation by each named defendant.

Mr. Elder's first and only asserted claim is that "all Defendants treated Plaintiff with deliberate indifference and was [sic] very cruel." (I*d.* at 4). The factual allegations appear to be an attempt to assert a claim for cruel and unusual punishment based on the conditions of his confinement. In order to state an Eighth Amendment claim based on the conditions of confinement, Plaintiff must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Finally, an inmate asserting an Eighth Amendment claim must allege that the defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Moreover, "[t]he Eighth Amendment 'does not mandate

comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted).

Mr. Elder's allegations in the Amended Complaint do not demonstrate a deprivation "of the minimal measure of life's necessities," as required to state a claim based on an Eighth Amendment violation. In assessing whether an environment is safe and humane for prisoners, the Court should take into account the circumstances of the challenged conditions, including the duration of the alleged deprivations. *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001); *see Powell v. Wilner*, 06-cv-00545, 2009 U.S. Dist. LEXIS 131795 (D. Colo. Mar. 4, 2009) (citing *e.g., Williams v. Delo*, 49 F.3d 442, 444-46 (8th Cir. 1995) (finding no Eighth Amendment violation when a prison refused to give a prisoner running water, "tooth brush, tooth paste, deodorant, soap, sheets, blankets, pillow cases, pillows, mattresses, his legal mailing, and clothing" for four consecutive days)); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (holding that five-day confinement in roach-infested cell did not implicate a constitutional injury); *Ladd v. Stotts*, No. 92-3205-DES, 1995 U.S. Dist. LEXIS 14638, 1995 WL 584700, at *3 (D. Kan. Sept. 28, 1995) (unpublished decision) (finding no Eighth Amendment violation when prison denied prisoner clean water for thirty hours)); *see also Estrada v. Kruse*, 38 Fed. Appx. 498, 499 (10th Cir. 2002) (unpublished) (affirming dismissal of plaintiff's claim that he was subjected to cruel and unusual punishment when he was held for four nights and five days in a stripped basement intake cell in September 1998 with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies for the cell). In his Second Amended Complaint, Mr. Elder should allege the duration of the deprivations, *i.e.*, how long was he forced to wear a blood

soaked uniform and how long he went without a shower, bandages, or clean bedding.

Additionally, if Mr. Elder is attempting to assert an Eighth Amendment violation in the context of medical treatment, he must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 97 (1978).

Furthermore, in the Amended Complaint, Mr. Elder references an "Affidavit and Letter to Magistrate Judge" (ECF No. 9 at 4) and a "statement given with original Complaint" (*Id.* at 3). Mr. Elder was already directed in the Court's February 4, 2014 Order to present his claims in the space provided on the court-approved Prisoner Complaint form and to include relevant supporting factual allegations for each claim in the space provided. As Mr. Elder was previously warned, the Court and defendants are not required to sift through Mr. Elder's attachments to locate the heart of each claim. Therefore, in his amended complaint, his claims and supporting factual allegations should be included in the space provided on the court-approved Prisoner Complaint form. If Mr. Elder has supporting exhibits, he may attach them to the complaint but the relevant factual allegations must be included on the complaint form itself or an attached page if more space is needed.

Finally, numerous times in the Amended Complaint, Mr. Elder makes statements such as, "I don't have extra paper" (*Id.* at 2) and "I have no paper" (*Id.* at 3). However, the court notes that the entire page 6 of the complaint form was blank and on page 5, the text written by Mr. Elder was unnecessary. Therefore, if Mr. Elder had additional relevant information to provide, there was room to do so on the complaint form. In order to help the Plaintiff file a Second Amended Complaint, the Court will again direct the


Clerk of Court to send Plaintiff a blank copy of the court-approved Prisoner Complaint form.

Accordingly, it is

ORDERED that Mr. Elder file, **within thirty (30) days from the date of this order**, a Second Amended Complaint as directed in this order.  It is

FURTHER ORDERED that the Clerk of Court send Plaintiff a copy of the court-approved Prisoner Complaint form.  Mr. Elder shall use the court-approved Prisoner Complaint form to file his Second Amended Complaint.  It is

FURTHER ORDERED that if Mr. Elder fails to file a Second Amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

---

Gordon P. Gallagher
United States Magistrate Judge